IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT GREYDANUS,<br><br>      Plaintiff,<br><br>vs.<br><br>HAGELAND AVIATION SERVICES, INC.; and RICHARD BASKETT,<br><br>      Defendant.<br>_____<br><br>CLAYTON ACTIVE; GENE EVAN; and GABRIEL OLICK,<br><br>      Plaintiffs,<br><br>vs.<br><br>HAGELAND AVIATION SERVICES, INC., and RICHARD BASKETT,<br><br>      Defendants. | Case No. 4:10-cv-0020-RRB (Consolidated)<br><br>**ORDER GRANTING**<br>**MOTION TO REMAND** |

I.    INTRODUCTION

Before the Court are Plaintiffs Scott Greydanus, Clayton Active, Gene Evan, and Gabriel Olick with a Motion to Remand at Docket 6. Plaintiffs contend that the current case should be remanded to state court "because it was not timely removed, because

ORDER GRANTING MOTION TO AMEND - 1
4:10-CV-0020-RRB

the field of aviation safety has not been completely preempted by Congress, and because this case does not raise a substantial federal question."[1]  Defendants Hageland Aviation Services, Inc. ("Hageland") and Richard Baskett ("Baskett") oppose at Docket 39 and argue that Plaintiffs' claim of improper hiring, training, and supervision against Hageland "raise substantial federal questions, such that this Court can assert federal question jurisdiction."[2]

Oral argument has been requested at Dockets 43 and 49. Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.[3]

Because Plaintiffs' claims were not properly removed, this Court had no subject matter jurisdiction over Plaintiffs' suit at the time of removal and continues to lack such jurisdiction over the remaining claims in Plaintiffs' third amended complaint.

---

[1]     Docket 7 at 1.

[2]     Docket 39 at 2.

[3]     See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily, oral argument would not be required).

Therefore, Plaintiffs' Motion to Remand at **Docket 6** is hereby **GRANTED**.[4]

## II. RULE OF DECISION

Under 28 U.S.C. § 1447(c) (1996), after a case is removed from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The present suit lacks complete diversity among the parties. Plaintiffs and Defendant Baskett are residents of Alaska. Defendant Hageland is an Alaskan corporation. For this Court to acquire subject matter jurisdiction over Plaintiffs' suit, the suit must arise "under the Constitution, laws, or treaties of the United States."[5]

## III. DISCUSSION

### A. Plaintiffs' Claim of Negligent Hiring, Supervision, and Training Did Not Present a Removable Claim Because Plaintiffs Did Not Raise Federal Law Allegations, Nor Did Federal Law Provide a Remedy to Plaintiffs' Negligence Claim.

Defendants assert that "[r]emoval jurisdiction is determined based on the state of the pleadings at the time of removal."[6] Defendants' assertion is correct. This Court must determine

---

[4] For the factual background concerning the parties' claims, the Court adopts Docket 56 at 3.

[5] 28 U.S.C. § 1331 (2010).

[6] Docket 48 at 2.

whether it possesses subject matter jurisdiction based on Plaintiffs' first amended complaint without reference to Plaintiffs' subsequent amended complaints.[7]

Plaintiffs argue that the first amended complaint did not raise a substantial federal question and that under Martin v. Midwest Express Holdings, Inc., 555 F.3d 806 (9th Cir. 2009), there is no federal preemption "in the entire area of aviation safety."[8] Defendants counter by contending that through the artful pleading doctrine, in conjunction with federal preemption in the area of pilot qualifications, the first amended complaint presented a removable claim.[9]

The artful pleading doctrine dictates that a plaintiff cannot avoid federal jurisdiction by "'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'"[10] When a district court encounters an artfully-pled pleading in a removal setting, it

---

[7] Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

[8] Docket 7 at 4.

[9] Docket 1 at 3.

[10] Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996) (quoting Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)).

ORDER GRANTING MOTION TO AMEND - 4
4:10-CV-0020-RRB

can recharacterize such claim as a federal claim.[11] The Ninth Circuit has outlined the analysis a district court must undertake when determining if it has subject matter jurisdiction when dealing with potentially artfully-pled pleadings.[12] A district court must: (1) examine the well-pled complaint for a federal claim on its face; (2) if no federal claim is found and the defendant has raised a serious claim of preemption, determine if the claim is preempted; and (3) if the claim is preempted, determine if a remedy is provided by federal law.[13] If a remedy is found, the district court has subject matter jurisdiction over the matter; without a remedy, however, the court lacks such jurisdiction.[14]

In the present case, Plaintiffs' first amended complaint was comprised of three claims: negligence against Baskett, liability against Hageland under the theory of *respondeat superior*, and negligent hiring, supervision, and training against Hageland. Although the first two claims are unquestionably state common law claims that would not give rise to this Court's subject matter

---

[11] Id.

[12] Id.

[13] Stokes v. Bechtel North American Power Corp., 614 F. Supp. 732, 738 (D.C. Cal. 1985) (citing Hunter v. United Van Lines, 746 F.2d 635, 642 (9th Cir. 1984)).

[14] Id.

ORDER GRANTING MOTION TO AMEND - 5
4:10-CV-0020-RRB

jurisdiction, the third claim implicates Federal Aviation Administration ("FAA") regulations and could be construed, through the use of the artful pleading doctrine, as being within this Court's jurisdiction under federal preemption.[15] Plaintiffs' third claim, however, fails the requirements of the artful pleading doctrine and does not fall within this Court's jurisdiction.

The underlying principle of the removal doctrine remains constant: "defendants relying on federal law are *not* entitled to a federal forum unless the plaintiff also relies on federal law."[16] Despite Defendants' persuasive argument that pilot hiring, training, and supervision are preempted by FAA regulations, Plaintiffs were not relying on those regulations in their first amended complaint. Plaintiffs were looking to state law for the resolution of their negligent hiring, supervision, and training claim against Hageland, not federal. The Ninth Circuit has made it clear that where a defendant argues preemption over a state claim as a defense to a motion to remand, there must be some federal remedy available to the plaintiff in order for a district court to have jurisdiction over such claim.[17] Although Defendants point to

---

[15] Docket 39 at 23.

[16] Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984) (emphasis added).

[17] See Id. at 639-40.

arguably pervasive FAA regulations concerning pilot qualifications, none of the regulations listed provide any remedy to Plaintiffs. Without such a remedy, Defendants' preemption defense fails to place Plaintiffs' suit within this Court's subject matter jurisdiction. Therefore, due to Plaintiffs' suit being improperly removed to this Court, such suit must immediately be remanded to state court for any further proceedings.

Morever, because Plaintiffs' suit was improperly removed, this Court never had original jurisdiction over such suit and cannot now exercise any supplemental jurisdiction over Plaintiffs' remaining claims in their third amended complaint.[18]

**B.  Miscellaneous Matters.**

Throughout their pleadings, Defendants refer to 14 C.F.R. § 91.13 (2009), a regulation that Plaintiffs allegedly argued in the past. Such regulation was never a part of Plaintiffs' current suit and will not be considered by this Court at this time.

Defendants contend that Plaintiffs' remaining claim of punitive damages raises federal issues and must be adjudicated by this Court.[19] Plaintiffs' punitive damages claim was not included in Plaintiffs' first amended complaint and, therefore, cannot be a

---

[18]  See 28 U.S.C. § 1367(a) (2010).

[19]  Docket 48 at 17.

factor in determining whether this Court possesses jurisdiction in the current litigation.[20]

Defendants imply that by dropping their negligent hiring, supervision, and training claim, Plaintiffs are attempting to manipulate the forum by dropping such claims solely to force this Court to remand the current litigation to state court.[21] The Ninth Circuit has not found Plaintiffs' tactic to be intrinsically manipulative: "[A] plaintiff's motion for leave to amend that strategically strikes federal claims is not manipulative 'unless there is reason to believe that the inclusion of federal claims was to put the defendants through the removal-remand procedure.'"[22] Here, there is no reason to believe that Plaintiffs listed and subsequently abandoned the negligent hiring, supervision, and training claim merely to put Defendants through the removal-remand process. Plaintiffs withdrawing such claim was not manipulative.

Defendants suggest that by allowing state courts to adjudicate lawsuits that involve federal statutes and regulations, such courts will incorrectly apply federal law and prejudice Defendants.[23]

---

[20] 159 F.3d at 1213.

[21] Docket 48 at 6.

[22] In re Mortg. Elec. Registration Sys. (MERS) Litig., No. 3239481 slip op. at 3-4 (D. Ariz. Aug. 16, 2010).

[23] Docket 39 at 37.

Defendants' concern is ill-founded.  Although this Court does not have original jurisdiction over the present litigation, it retains the power to review any interpretation of federal law made by state courts.[24]

> **C. Plaintiffs Cannot Be Awarded Costs and Attorney Fees Because Defendants Had an Objectively Reasonable Basis for Removing the Current Suit.**

Plaintiffs argue that Defendants' removal was made in bad faith and was frivolous and Plaintiffs are entitled to costs and attorney fees under 28 U.S.C. § 1447(c).[25]  The Supreme Court has stated that "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal."[26]  Defendants removed this case to federal court due to their belief that Plaintiffs' claim for negligent hiring, supervision, and training presented federal issues that fell within this Court's jurisdiction.[27]  Although Defendants were ultimately mistaken in their belief, the FAA regulations cited by Defendants did contain

---

[24] O.S. ex rel. Sakar v. Hageland Aviation Servs., Inc., 609 F.Supp.2d 889, 893 (D. Alaska 2008) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 815 (1986)).

[25] Docket 52 at 13.

[26] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added).

[27] Docket 39 at 23.

arguably pervasive regulations relevant to Plaintiffs' claim. Defendants had objectively reasonable grounds to attempt to remove this case to federal court and did not attempt removal in bad faith or for frivolous reasons. The Court therefore **DENIES** Plaintiffs' request for costs and fees.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs are entitled to remand under 28 U.S.C. § 1447(c). Accordingly, Plaintiffs' Motion to Remand at **Docket 6** is hereby **GRANTED**.

**IT IS SO ORDERED.**

ENTERED this 29th day of December, 2010.

          S/RALPH R. BEISTLINE
          UNITED STATES DISTRICT COURT